IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,
   *Plaintiff*,

v.

ASHANTI PRICE,
   *Defendant*.

Criminal No. ELH-13-0364

**MEMORANDUM**

This Memorandum addresses a motion filed by Ashanti Price for a sentence reduction pursuant to Amendment 794 to the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). *See* ECF 234; ECF 248.[1] The Amendment took effect on November 1, 2015, and amended Section 3B1.2 of the Guidelines, pertaining to a mitigating role deduction.

Price filed two similar motions for a sentence reduction. ECF 234; ECF 248. The government responded in opposition to the first motion. *See* ECF 243. No hearing is necessary to resolve the motions. For the reasons set forth below, the motions for reduction of sentence shall be denied.

### I.     Procedural and Factual Background

On July 17, 2013, a federal grand jury charged Price with conspiracy to distribute and possess with intent to distribute Oxycodone, in violation of 21 U.S.C. § 846. ECF 1. Pursuant to a Plea Agreement (ECF 150), Price entered a plea of guilty on May 9, 2014, to the charge of conspiracy to distribute and possess with intent to distribute Oxycodone. ECF 148. The offense

---

[1] This Memorandum does not address Price's motion to vacate under 28 U.S.C. § 2255. *See* ECF 238.

carries a maximum term of imprisonment of 20 years with no mandatory minimum sentence. *See* 21 U.S.C. § 841(b)(1)(B).

The Plea Agreement anticipated a final adjusted offense level of 29. ECF 150, ¶¶ 6, 7. It also set forth facts in support of the offense. *Id.* ¶ 6. The Amended Presentence Report ("PSR") (ECF 204) concluded that Ms. Price had an adjusted offense level of 29 (*id.*, ¶¶ 31, 70) and a criminal history category of I. *Id.* ¶ 36. This resulted in an advisory sentencing guideline range of 87 to 108 months of incarceration. *Id.* ¶ 7.

On September 9, 2014, this Court sentenced Price to a term of imprisonment of 60 months. ECF 198; *see also* ECF 201 (Judgment). The sentence was well below the bottom of the applicable sentencing guidelines range. Price did not note an appeal to the United States Court of Appeals for the Fourth Circuit.

Price filed her first motion for reduction of sentence on September 6, 2016. ECF 234. Her second motion followed on November 17, 2016. ECF 248. According to Price, she is entitled to relief under Amendment 794 to the Guidelines because she played a minor role in the conspiracy. There is no merit to Price's claim.

## II. Discussion

Price's conviction became final in September 2014. Amendment 794 took effect about a year later, on November 1, 2015. As noted, it amended Section 3B1.2 of the Guidelines. Specifically, it provided commentary to clarify circumstances for application of a departure for a "Mitigating Role." *See* U.S.S.G. § 3B1.2, Application Note 3(A); *see also United States v. Quintero-Leyva*, 823 F.3d 519, 522 (9th Cir. 2016). The Amendment includes a non-exhaustive list of factors to be considered by a sentencing court in determining whether to apply an

adjustment for a minimal participant or a minor participant. *See* Application Note 3(C); *see also* Application Notes 4; 5.

Under 18 U.S.C. § 3582(c), "a defendant who has been sentenced to a term of imprisonment based on the sentencing range that has subsequently been lowered by the Sentencing Commission may file a motion asking the court to reduce her sentence. The court may reduce the defendant's term of imprisonment 'after considering the factors set forth in [18 U.S.C. § 3582(a)] to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" 18 U.S.C. § 3582(c)(2); *see United States v. Smalls*, 720 F.3d 193, 195 (4th Cir. 2013). But, a district court "generally may not modify a term of imprisonment once it has been imposed unless a defendant is eligible for a reduction under § 3582(c)." *United States v. White*, 2016 WL 4523288, at *1 (W.D.Va., Aug. 26, 2016) (citing *United States v. Goodwin*, 596 F.3d 233, 235 (4th Cir. 2010)).

According to the applicable policy statements, which are found in Section 1B1.10 of the Guidelines, a sentence reduction under § 3582(c)(2) is authorized only when a retroactively-applicable Guidelines amendment has "the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Further, Section 1B1.10 limits which Guidelines amendments are retroactively applicable to defendants on collateral review, as is the case here, as opposed to direct appeal. *See* U.S.S.G. § 1B1.10(a)(2), (d).

Although Amendment 794 applies retroactively in direct appeals, *see Quintero-Leyva*, 823 F.3d at 521, the Sentencing Commission did *not* make Amendment 794 retroactively applicable on collateral review. *See* U.S.S.G. 1B1.10; *see also United States v. Fakhoury*, RDB-14-0178, 2016 WL 4939226, *2 (D. Md. Sept. 14, 2016) (holding that Amendment 794 applies retroactively only on direct appeal); *United States v. Hunley*, 2016 WL 4523417, *1-2 (W.D. Va.

3

Aug. 26, 2016) (same). Because Amendment 794 is not retroactively applicable, the Court may not grant Price's motion for a reduction under Amendment 794. *See White*, 2016 WL 4523288, at *2 (denying defendant's motion for a reduction under § 3582(c)(2) because Amendment 794 is not retroactively applicable on collateral review); *Hunley*, 2016 WL 4523417, at *2 (same); *United States v. Darden*, 2016 WL 5817004, *2 (E.D.N.C. Oct. 4, 2016) (same); *Kidwell v. United States*, 2016 WL 5957561, *2 (E.D.N.C. Oct. 13, 2016) (same).

Even if Amendment 794 were retroactively applicable under 18 U.S.C. § 3852, I agree with the government that Price would not be entitled to relief. Amendment 794 provides that the "Minor Participant" adjustment is applicable only for a defendant who is "less culpable" than most of the other participants. U.S.S.G. § 3B1.2, Application Note 5; *see United States v. Gomez-Valley*, 828 F.3d 324, 331 (5th Cir. 2016). Price did not play a "minor role" in the criminal offense.

U.S.S.G. § 3B1.2, Application Note 3(C), indicates that the determination is "Fact-Based . . . ." As indicated, it provides a non-exhaustive list of factors for a court to consider in determining whether to apply a role reduction. The factors are: (i) the degree to which the defendant understood the scope and structure of the criminal activity; (ii) the degree to which the defendant participated in planning or organizing the criminal activity; (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; and (v) the degree to which the defendant stood to benefit from the criminal activity.

Price was not less culpable than the average participant in the criminal activity. The Statement of Facts in the Plea Agreement (ECF 150, ¶ 6) states that between 2010 and 2012, Price was a member of the drug distribution conspiracy. Along with her husband and others, she obtained fraudulent prescriptions for oxycodone. She filled prescriptions in her name and worked with others to fill prescriptions. Her fingerprints were recovered on prescriptions written in the names of two other individuals. *Id.* The oxycodone pills obtained from those prescriptions were then sold for a profit. *Id.* At the time of her arrest, Price had with her a fraudulent prescription written in the name of another coconspirator, about $854 in cash, and a "red notebook that appeared to track pharmacies that had been visited." *Id.* This reflects a management role. And, additional evidence of the conspiracy was recovered from the house in which Price lived with her husband, including prescription pads, pill bottles, more drug ledgers, and firearms. *Id.*

I shall deny the Motion. An Order follows.

Date: June 27, 2017
/s/
Ellen L. Hollander
United States District Judge