IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,
   *Plaintiff*,

v.

ASHANTI PRICE,
   *Defendant*.

Criminal No. ELH-13-0364
Related Civil No. ELH-16-3257

**MEMORANDUM**

Ashanti Price ("Petitioner") and six others were indicted on July 17, 2013 (ECF 1), on charges involving conspiracy to distribute oxycodone, possession with intent to distribute, and health care fraud. Price entered a plea of guilty on May 9, 2014, to the charge of Conspiracy to Distribute and Possess with Intent to Distribute Oxycodone, in violation of 21 U.S.C. § 846. ECF 148; ECF 150 (Plea Agreement). On September 9, 2014, the Court sentenced Petitioner to 60 months' imprisonment. ECF 198; ECF 201 (Judgment). Petitioner did not note an appeal to the United States Court of Appeals for the Fourth Circuit. *See* Docket.

On September 26, 2016, Petitioner filed a Motion to Vacate, Set Aside, or Correct a Sentence, pursuant to 28 U.S.C. § 2255. ECF 238 (the "Petition"). Price signed the Petition on September 19, 2016. *Id.* In her Petition, Price claims she is entitled to relief pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The government has moved to dismiss the Petition on the ground that it was untimely filed. ECF 241. Alternatively, the government argues that Price is not entitled to relief. Price has replied. ECF 246. She argues that her Petition is timely because *Johnson* "did not become retroactive until the Supreme Court issued an opinion in *Welch* [*v. United States*, ___ U.S. ___, 136 S. Ct. 1257 (2016)]." *Welch* was decided April 18, 2016.

In addition, Price moved to stay this matter, pending the Supreme Court's decision in *Beckles v. United States*. ECF 250. *See Beckles v. United States*, ___ U.S. ___, 137 S. Ct. 886 (2017). The government opposed that Motion (ECF 253) and Price replied. ECF 357. Given that the Supreme Court decided *Beckles*, 137 S. Ct. 886, in March 2017, I shall deny ECF 250 as moot.

No hearing is necessary to resolve the Petition. *See* 28 U.S.C. § 2255(b). For the reasons that follow, I shall dismiss the Petition.

**Discussion**

**A.**

The Supreme Court decided *Johnson v. United States*, 135 S. Ct. 255, on June 26, 2015. In *Johnson*, the Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA"), ruling that the definition of a "violent felony" was unconstitutionally vague. *Id.* at 2555-2558. The Court determined that the residual clause "did not articulate clearly how to evaluate the risks of injury posed by a crime, depriving defendants of fair notice regarding their potential sentence and inviting 'arbitrary enforcement by judges.'" *United States v. Winston*, 850 F.3d 667, 680 (4th Cir. Mar. 13, 2017) (explaining and quoting *Johnson*, 135 S. Ct. at 2557).

Thereafter, in *Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257, 1264-685 (2016), the Supreme Court made clear that *Johnson* announced a new substantive rule of constitutional law, which applies retroactively on collateral review. In *Beckles*, however, the Supreme Court determined that the advisory sentencing guidelines are not subject to *Johnson* challenges.

Under the provisions of 28 U.S.C. § 2255(f), a one-year limitation period applies to petitions under § 2255, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

2

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Timeliness under § 2255(f) is assessed on a "claim-by-claim basis." *Capozzi v. United States,* 768 F.3d 32, 33 (1st Cir. 2014) (per curiam) (collecting cases from the Third, Sixth, Ninth, Tenth, and Eleventh Circuits), *cert denied*, 135 S. Ct. 1476 (2015); *see Zach v. Tucker*, 704 F.3d 917, 924-25 (11th Cir. 2013) (en banc) (explaining that a petitioner may not use a single, timely claim to revive time-barred claims), *cert denied*, 134 S. Ct. 156 (2013); *Hannigan v. United States*, 131 F. Supp. 3d 480 (E.D.N.C. 2015), *appeal dismissed*, 638 Fed. App'x 234 (4th Cir. 2016) (per curiam), *cert. denied*, 137 S. Ct. 404 (2016); *see also Mayle v. Felix,* 545 U.S. 644, 662 (2005); *Pace v. DiGuglielmo,* 544 U.S. 408, 416 n. 6 (2005).

As indicated, the Supreme Court decided *Johnson* on June 26, 2015. *See* 135 S. Ct. 2551. Thus, the deadline for § 2255 petitions filed under *Johnson* was June 26, 2016. *See* 28 U.S.C. § 2255(f)(3). The operative deadline is not tied to the date of the decision in *Welch*.

Price's Petition (ECF 238) was signed on September 19, 2016 (*id.* at 4) and filed on September 26, 2016. Accordingly, Petitioner's Motion is untimely and subject to dismissal.

**B.**

Alternatively, even if this Court were to find that the Petition was timely filed, I would conclude, on the merits, that Petitioner is not eligible for relief under *Johnson*.

An Armed Career Criminal is a person convicted under 18 U.S.C. § 922(g) who also has three previous convictions for either a violent felony or a serious drug offense, or both. The mandatory penalty for such a person is not less than fifteen years of imprisonment. 18 U.S.C. § 924(e)(1). As noted, *Johnson* invalidated the residual clause of the ACCA definition for "violent felony" as unconstitutionally vague. *Johnson*, 135 S. Ct. at 2558. However, Price was never found to be an Armed Career Criminal.

Petitioner was convicted of Conspiracy to Distribute and Possess with Intent to Distribute Oxycodone, in violation of 21 U.S.C. § 846. She was not subject to any sentence enhancement, either under the advisory sentencing guidelines or ACCA. The Amended Presentence Report (ECF 204) does not indicate that any Chapter Four enhancements were applied to Price's offense level. Moreover, 21 U.S.C. § 846 does not require a predicate crime of violence, nor does it include a residual clause.

The PSR reflects a final offense level of 31, after deductions for acceptance of responsibility. *Id.* ¶ 42. Notably, at sentencing, in anticipation of upcoming changes to the drug quantity table of the Guidelines, the Court reduced the final offense level by two levels, to a 29. This reduction was contemplated by the Plea Agreement. *See* ECF 150, ¶ 7.

Petitioner claims in her Petition that she "was denied due process by being deprived of a jury trial for the enhanced alligation [sic] of possessing a firearm." ECF 238 at 3. Petitioner's allegation that she was "deprived of a jury trial" (ECF 238 at 3) as to the firearms is without merit. Petitioner knowingly and intelligently entered a plea of guilty pursuant to a Plea Agreement executed on May 9, 2014. *See* ECF 150. Under oath, she agreed with the Factual and Advisory Guidelines Stipulation in the Plea Agreement. *Id.* ¶ 6. In particular, Price admitted that the government could prove beyond a reasonable doubt that investigators found in her home,

4

*inter alia*, numerous firearms and rounds of ammunition. *Id.* at 4-5. Further, Price stipulated to a final offense level of 31, which the Court reduced to a 29. And, the calculations to which she stipulated included a statement that, "pursuant to U.S.S.G. § 2D1.1(b)(1), the Defendant's offense level is increased by two (2) levels because 'a dangerous weapon (including a firearm) was possessed.'" ECF 150 at 6, ¶ 6(B).

Although Petitioner alleges that her sentence was unconstitutionally enhanced (ECF 238 at 1, 3), *Johnson* does not impact Petitioner's sentence. The PSR assigned a two-level increase to the base offense level for possession of a dangerous weapon, pursuant to U.S.S.G. § 2D1.1(b)(1). ECF 204, ¶ 23. However, this special offense characteristic is not a sentence enhancement as contemplated by *Johnson*.

As discussed above, *Johnson* invalidated the residual clause of the ACCA definition of a "violent felony," as unconstitutionally vague. U.S.S.G. § 2D1.1(b)(1) states that, "[i]f a dangerous weapon was possessed," the base offense level is increased by two levels. This section does not require a predicate violent felony or crime of violence, nor does it implicate the residual clause of ACCA.

Notably, Petitioner was sentenced to 60 months' imprisonment. That sentence is significantly below her advisory sentencing guidelines range of 87-108 months' imprisonment. Moreover, even without the 2-level increase for the weapon, the guidelines would have called for a sentence of 70-87 months, and the Court's sentence was also below that range.

## Conclusion

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant. A COA is a "jurisdictional prerequisite" to an appeal from the

court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, ___ U.S. ___, 137 S. Ct. 759, 773 (2017). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).

In my view, reasonable jurists would not find Petitioner's claim debatable. Therefore, a certificate of appealability is DENIED.[1]

A separate Order follows.

Dated: October 19, 2017                                    /s/
                                                   Ellen L. Hollander
                                                   United States District Judge

---

[1] The district court's denial of a COA does not preclude a petitioner from seeking a COA from the appellate court.